(4 Misc. Rep. 15.)

RINGLE et al. v. WALLIS IRON WORKS et al.

(Supreme Court, Special Term, New York County. June, 1893.)

1. MECHANICS' LIENS—MISTAKE IN VERIFICATION.
    Under Laws 1885, c. 342, (Mechanic's Lien Law,) § 4, providing that a truthful statement shall be made by the claimant of the actual amount of work done, a lien is not invalidated by an honest mistake of the person verifying it.

2. SAME—MONEY DUE, BUT NOT PAYABLE.
    Defendant, who had a contract to do certain work, half of the price to be paid when the materials were shipped, and the balance on completion of the work, subcontracted with plaintiffs for part of the work. Plaintiff was to be paid when defendant should receive payment under its contract. *Held,* that plaintiffs' claim was due on completion of the subcontract, so as to entitle them to file their lien then, though it was not payable until defendant had fully performed.

Action by Jacob Ringle and others against the Wallis Iron Works and others to enforce a mechanic's lien. Judgment for plaintiffs.

Hudspeth & Collier, for plaintiffs.
Wilson & Wallis, for defendant Wallis Iron Works.

O'BRIEN, J. The Wallis Iron Works made a contract June 16, 1891, with the Southern Pacific Company, for the construction of an extension of the existing shed upon that company's pier, at No. 37 North River, New York city. This contract was in writing, and enumerated with considerable detail the work to be performed. To it was attached a blue print, showing the old shed, the extension, and the work to be performed, both ground plan and elevation. Among other things, it was provided that the Wallis Iron Works should construct, deliver, and erect certain ironwork, and should make two new openings in the present shed, as shown on the blue print thereto annexed, including the frames

and doors; "said new openings being two new gangway openings as shown," (one on each side,) "which are to be cut in the present shed." The contract price was $17,500, to be paid, one-half on notice from the iron works that the ironwork of said pier had been shipped, and the balance on completion of the whole work. In July, 1891, the plaintiffs undertook, under a subcontract with the Wallis Iron Works, to execute so much of said contract as covered and included tin roofing, and painting same, galvanized ironwork, including cornices, leaders, etc., and painting same, "in the manner specified and required in and by said contract and plans and specifications," for the sum of $3,259, to be paid as and when the Wallis Iron Works should receive payment under its said contract for their work. It is conceded that the Wallis Iron Works duly performed their work under their contract with the Southern Pacific Company, and received the full amount of the contract price in two payments, one on November 11, 1891, of $8,750, and one on April 30, 1892, of $8,750; that the notice of lien which is the subject of this action was filed on February 16, 1892, and a copy thereof served upon the Southern Pacific Company. In the lien filed is a statement, verified, that plaintiffs fully performed their entire contract, and that the full amount thereof, $3,259, had become due to them. This statement, it is insisted by the defendant, was untrue, because—First, the contract price was not due from the Wallis Iron Works to the plaintiffs, for, by the express terms of the contract, it was not due until their work was completed; and, second, even if the work had been fully completed, the contract price was not due from the Wallis Iron Works to the plaintiffs, because, by the express terms of the contract, nothing was due to the plaintiffs until the Wallis Iron Works had received their pay from the Southern Pacific Company.

The first presents the question as to whether or not the plaintiffs had substantially completed their contract, and, if they had not, whether, by any other provision of the contract, any arrangement was made for such a contingency. Upon the contract itself, and the evidence adduced upon the trial, it is clear that the plaintiffs did not fully and literally complete their contract, because they failed to make or construct the two openings referred to in the specifications, and which, under a construction of the contract, was part of the work that fell to them. This work, upon plaintiffs' refusal to complete, was done by the Wallis Iron Works, and, as shown, cost $111.90. This amount, I think, was the reasonable value of such work, although evidence was produced upon the part of the plaintiffs that this portion of the work which plaintiffs should have done was reasonably worth but $35. Considering the amount of work and the value thereof, and the portion not completed by plaintiffs, there would be a question as to whether the subcontract of plaintiffs was substantially performed. It is unnecessary for me, however, to determine this question, because, under the express terms of the contract, it was provided that in case, after notice to plaintiffs, they failed or neglected to complete their

contract, it was proper for the Wallis Iron Works to take charge of the work, and complete it, and deduct from the amount due to plaintiffs the reasonable value thereof. Upon defendants' own showing, therefore, under the terms of the contract, there was due from the Wallis Iron Works to plaintiffs the difference between $3,259 and $111.90, which is $3,147.10, for which, I think, the plaintiffs are entitled to judgment.

The insistence that, notwithstanding this fact of an indebtedness due, the lien itself was invalid, is not without force. The mechanic's lien law[1] requires that a truthful statement shall be made of the actual amount of work done; and where a person filing a lien swears that the whole work is done, and it subsequently turns out that only a portion was done, such untrue statement will invalidate the lien. The question here is, however, whether a person verifying a lien, and stating what, at the time, he believed to be true, is to be prevented from enforcing the same because of it subsequently transpiring that he was mistaken, and that there was an omission to complete a portion of the work. Although the plaintiffs delayed, and compelled the defendants to notify them to proceed with more diligence, it is admitted that all the work required of them was finally done, except the two openings before referred to, which cost the defendants $111.90 to make. The plaintiffs supposed they had completed their contract, and, up to the time of the filing of the lien, did not intentionally omit to complete it. The specifications annexed to the contract mention all the work to be done, and not merely the work to be done by the plaintiffs. The plaintiffs construed the contract to mean that they were to do only the tin roofing and painting same, the galvanized ironwork, including cornices, leaders, etc., and the painting of same, on extension of the shed; and they insist that nothing was said with respect to the making of the two openings being a portion of their contract until after their lien was filed and demand had been made for their money. It will thus be seen that plaintiffs erred in their judgment as to what the contract included, and it cannot be presumed that this was not an honest error, and it would be a harsh rule of law to hold that, by reason of their being mistaken in this, they thereby lost the lien which the law otherwise accorded to them. What the mechanic's lien law requires is that a person shall truthfully state what portion of the work has been done, and its value; and, although a failure to comply with this provision of the statute is fatal to a lien, I do not think that an honest error of judgment, which results in a statement that the party making it believed to be true, will entirely destroy a lien which was good when filed, but is sought thereafter to be invalidated by facts showing that the person making the statement was mistaken, because in error as to the true and literal construction of the contract.

The second ground upon which it is claimed that the statement was untrue is that, though the work had been fully completed,

---

[1] Laws 1885, c. 342, § 4.

nothing was due the plaintiffs until the Wallis Iron Works received their pay from the Southern Pacific Company. It will be noticed that the latter company, by its answer, admits that there was due to the Wallis Iron Works an amount in excess of what was necessary to pay the plaintiffs' lien in full. The Wallis Iron Works, by its answer, denied this statement which was made by plaintiffs, and, as seen, admitted by the Southern Pacific Company. On November 11, 1891, upon notice from the Wallis Iron Works that the ironwork for said pier had been shipped, the Southern Pacific Company paid them $8,750. At that time the plaintiffs had performed considerable work under their subcontract, and, under the terms of such contract, had seemingly become entitled to the proportion which the work they had performed bore to the whole work done by the Wallis Iron Works, and entitling the latter to the $8,750. But, apart from this, it may be conceded that, at the time the lien was filed, whatever was due the plaintiffs was not then payable. I think, however, that the fair construction to be given to a contract of this kind, particularly upon the facts made to appear, is that plaintiffs were not obliged to wait until the money was paid by the Southern Pacific Company to the Wallis Iron Works, because, in that event, the advantage or benefit of any lien as against the Southern Pacific Company would have been gone. Though with some hesitation, I am inclined to the view that, when the lien was filed, there was due the plaintiffs the full amount of the contract price, less the amount which it would have cost the defendant to make the two openings, and which, under the terms of the contract, it was entitled to deduct from any sum coming to the plaintiffs. As already said, to this extent I think the lien is good, and the plaintiffs should have a judgment for the amount indicated, but, under the circumstances, this should be without costs.